## WESTCOTT *v.* BOCK.

FORMER RECOVERY — *in replevin.*  A judgment of nonsuit in an action of replevin is not a bar to another action for the same goods.

PRACTICE — *assigning error upon the charge of the court.*  A general assignment that the court erred in the instructions given to the jury is not according to the 12th rule of this court, which requires that the part of the charge to which objection is made shall be set out in the assignment of errors, and it will not be considered.

### *Error to District Court, Arapahoe County.*

THE declaration contained two counts, the first for taking, and the second for detaining, a wagon, the property of the plaintiff.

The defendant pleaded :

1st. *Non cepit ;* 2. *Non detinet ;* 3. Property in himself ; 4. That in an action of replevin brought by the plaintiff against him in the probate court of Arapahoe county for the same goods and chattels he recovered judgment against the plaintiff for the return of the goods, and for $50 damages for the detention thereof, and for costs of suit.

To this last plea the plaintiff replied that the judgment of the probate court was not on the merits, but a mere judgment of dismissal for want of prosecution by the plaintiff, in which the merits of the case were not involved or determined.   The defendant demurred to the replication, and the demurrer being overruled, he filed a rejoinder, alleging that the judgment of the probate court was upon the merits, and hereupon issue was joined.

Upon the other pleas issue was also joined, and the cause was tried before a jury.

At the trial the plaintiff's evidence tended to prove that he purchased the wagon from one Main, who engaged the defendant to iron it ; that after defendant had completed the work the wagon was removed to another shop to be painted ; that after the paint-work was completed, the plaintiff, having paid for the wagon, was in the act of removing

it when the defendant forcibly took possession of it and removed it to his own shop. The defendant's evidence tended to prove that he was a blacksmith by occupation, and that he ironed the wagon at the request of Main, and that the labor and material by him so furnished was of the value of $75; that when the wagon was delivered to Klein, the painter, he requested the latter to hold the wagon until he, the defendant, should be paid.

The evidence upon these points was very contradictory, and as the court declined to discuss the motion for new trial it is not necessary to set it out more fully.

The judgment of the probate court, upon which plaintiff in error strongly relied to defeat this action, was for the same wagon, as appeared by the description and by the admission of defendant in error. The record recited that the defendant (the present plaintiff in error) appeared by his counsel, and the plaintiff failing to appear, the cause was dismissed, and the court gave judgment for damages and for return of the goods, etc.

The third specification in the assignment of errors was in these words:

The said court erred in the instructions given to the jury in this cause.

The charge of the court contained several propositions, none of which were set out in the assignment.

Messrs. BROWNE & PUTNAM, for plaintiff in error.

Mr. E. L. SMITH, for defendant.

BELFORD, J. Bock instituted a suit in replevin against Westcott, on the 20th of November, 1871, in the probate court of Arapahoe county, to recover a certain wagon, alleged to be wrongfully in the possession of Westcott. The case being called, and Bock not appearing, a judgment of dismissal was entered for want of prosecution, a writ of retorno habendo awarded, and $50 allowed the defendant for the detention of the property. Bock then brought his

action in replevin against Westcott in the district court, for the property which had been taken in the first suit. The defendant relied on the adjudication had in the probate court, claiming it to be final between the parties.

At common law when the merits of a suit in replevin were decided by a verdict for the defendant, or judgment for him on demurrer, or confession by the plaintiff, the judgment for the defendant awarded him a return of the distress irreplevisable. A different rule obtained in the case of a nonsuit, for, in that case, the defendant was not entitled to this judgment.

To remedy the inconvenience which proceeded from the plaintiff in the case of nonsuits, having several replevins for one and the same cause, the statute of Edw. I, ch. 2, was framed, in which it was provided that after judgment on verdict, or demurrer, or upon a *non pros.* for want of a declaration or plea in bar, or nonsuit at the trial, the judgment for the defendant should be held irreplevisable, and that the plaintiff could have no new writ of replevin, but must sue out of the court where the nonsuit was had, a new writ called the *second deliverance*, and which operated as a supersedeas in law to the sheriff to execute the writ of *retorno habendo*, obtained on the nonsuit of the plaintiff.

If upon the writ of second deliverance the party replevying made default, the statute provided that the distress should remain irreplevisable forever. Wheaton's Selwyn, vol. 2, 1226.

This statute of Edw. I is only applicable to actions of replevin founded on a distress for rent, and is not of general nature, but is local to that kingdom, and inconsistent with the laws, practice and policy of this country. *Dagget v. Robbins*, 2 Blackf. 415.

It seems clear, therefore, that the judgment of nonsuit, and the delivery of the property to the defendant, under the order of *retorno habendo* made in pursuance of such nonsuit, does not make the property irreplevisable. There is no trial on the merits, and the party is not concluded.

We decline to consider the errors assigned to the instruc-

tions of the court, because the plaintiff in error has not complied with rule number 12, which requires that " where the error alleged is to the charge of the court, the part of the charge referred to shall be quoted *totidem verbis*, in the specifications." The instructions given cover two or three pages of the record. The whole charge is set forth in one specification. A charge is made up of a series of propositions, interdependent, in one sense, yet distinct in another. Some may be correct, others wrong. Where a party assigns error to an entire charge, we think that each proposition announced by the court should be regarded as a separate instruction, and should be specifically assigned.

We cannot afford the time to search through a long charge to find a fault concealed under the glittering generality of *quod in omnibus est erratum.* It is the duty of counsel to specially direct the attention of the court to the distinct matter of which they complain. And it is only those matters complained of that it is necessary to set out.

It is well settled that if a series of propositions be embodied in instructions, and the instructions excepted to in a mass, if any one of the propositions be correct, the exception must be overruled. *Johnson* v. *Jones et al.*, 1 Black, 220.

We think the evidence in the case supports the verdict. The judgment is accordingly

*Affirmed.*