No. 10,518.

SCHLEIER, ET AL. v. BONELLA.

Decided April 2, 1923.

Action for commission for sale of real estate. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. PLEADING—*Amendments—New Cause of Action.* Where an amended complaint set up a new cause of action, it was error for the court to overrule a motion to strike the amendment.

Or, if the amendment was permitted to stand the defendant was entitled to an order requiring the plaintiff to elect on which cause of action he would proceed.

2. INSTRUCTIONS—*Inconsistent.* Instructions in an action for commission for sale of real estate reviewed, and held inconsistent, and confusing.

3. EVIDENCE—*Real Estate Brokers—Commission.* In an action by one not regularly engaged in the real estate business, for a commission on the sale of real property, evidence of the commission customarily charged by real estate brokers, is admissible but not conclusive.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. HARRY C. RIDDLE, Mr. RICHARD F. RYAN, for plaintiffs in error.

Mr. GEORGE B. CAMPBELL, for defendant in error.

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was plaintiff in an action against the plaintiffs in error for a brokerage commission on the sale of real estate, and had judgment. The defendants below bring the case here on error, and ask that the writ be made a supersedeas.

The complaint alleged that the defendants employed the plaintiff to find a purchaser for eighty acres of land owned by them; that they agreed with the plaintiff that, if he would find a purchaser, they would pay him all that should be received for said land above $200 an acre; that he found such purchaser to whom the property was sold for $215 an acre; that there was therefore due the plaintiff the sum of $1,200, for which he asked judgment. The case was tried first in the county court, and there the plaintiff was allowed, over defendants' objection, to amend his complaint by adding the following: "That the services so rendered by the plaintiff at the instance and request of the defendants are well and reasonably worth the sum of $1,200."

The case was appealed to the district court, and there the defendants moved to strike the amendment for the reason that it was a departure from the complaint. The motion was overruled. Defendants then moved that the plaintiff be required to elect whether he would proceed upon the express contract alleged in the complaint, or on *quantum meruit*. This motion also was denied. Error is assigned upon these rulings, as well as upon several other matters.

The plaintiff was a farmer who had a lease upon the land in question. His testimony as to the contract was held by the trial court insufficient to establish the making of the contract pleaded.

It is plain that under the complaint as amended the plaintiff was allowed to make a case entirely different from that originally set up. While amendments are allowed in the discretion of the court, such amendments cannot change the cause of action.

In *Anderson v. Groesbeck,* 26 Colo. 3, 55 Pac. 1086, we said: "It is improper, over the defendant's objection, to allow an amended complaint to be filed, even though made to correspond with the proofs, when the amended pleading states an entirely new and different cause of action, as it does in this case. For this reason alone, the judgment must be reversed."

In *Anthony v. Slayden,* 27 Colo. 144, 60 Pac. 826, we said: "Substantial reasons other than technical rules of practice or pleading exist for affirming this judgment. If in this state, as seems to be the rule in some jurisdictions, the right to amend were absolute (which we have just denied), a plaintiff may not, against the objection of the defendant, set up a new cause of action by way of amendment; and in no case that we have found, where a plaintiff has elected one of two inconsistent remedies, has he been permitted thereafter, by way of an amendment to his complaint, or otherwise, to choose the other." Citing numerous cases.

To the same effect is *Connell v. El Paso Gold M. & M. Co.*, 33 Colo. 30, 78 Pac. 677.

For the defendant in error it is insisted that these rulings, even though erroneous, should be disregarded, under the statutory provision which requires that we overlook any error or defect in the pleadings, or proceedings, which do not affect the substantial rights of the parties. It can not be said, however, in this case, that the errors do not affect the substantial rights of the parties. The defendants were required on the trial to defend against a cause of action not pleaded. The error in these rulings seems to have formed a basis for erroneous instructions, to which we refer upon this point, although no error is assigned upon them.

Instruction 2 was given evidently upon the theory that the action was one on *quantum meruit.*

Instruction 3 advises the jury that they are not to create a contract between the parties, and if they find that "the plaintiff has not maintained his case and proven a contract by the defendants to pay him some definite compensation for his services," the verdict should be for the defendants.

By instruction 4, the court withdrew entirely the matter of contract.

These inconsistent and confusing instructions grew out of the confused state of the pleadings, and emphasize the necessity of requiring parties to try their cases upon the theory disclosed in the pleadings.

It must be held, therefore, that the complaint, as amended, set up a new cause of action, and that the court erred in overruling the defendants' motion to strike the amendment. If the amendment stood, the defendants were entitled to an order requiring the plaintiff to elect on which cause of action he would proceed. The overruling of defendant's motion in that respect was error.

It is also alleged that the court erred in admitting evidence of the customary brokerage charge made by men engaged in the real estate business, the plaintiff not being

so engaged. The jury gave plaintiff $860, i. e., five per cent upon the selling price of the land, which was the commission shown by the evidence to be customarily charged by real estate brokers. The objection to this evidence is founded upon an alleged distinction between the value of the services of a person engaged regularly in real estate business, and one who is not so engaged. This distinction is recognized in *Fleming v. Wells*, 45 Colo. 255, 101 Pac. 66, where evidence of such customary charge was held admissible, but not conclusive. It was treated in the instant case as conclusive. The defendants would have been entitled to an instruction upon the point, had they requested it. As they made no such request, the objection cannot avail them. It is mentioned, however, in view of the probability that the case may be again tried.

Because of the errors above named, the judgment is reversed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.