No. 11,245.

SCHLEIER, ET AL. *v.* BONELLA.

Decided June 29, 1925.

Action for brokerage commission on sale of real estate. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Reversal—Bar.* A judgment of reversal is not a bar, but simply leaves the parties in the same position as they were before the judgment of the lower court was rendered.

2. JUDGMENT—*Dismissal—Bar.* A dismissal without prejudice is not a bar to the institution of a new action.

3. INSTRUCTIONS—*Requests.* Where the instructions given by the court are sufficient, there is no error in the refusal of other requested instructions.

4. BROKERS—*Real Estate—Commission.* Where one employs another to render some service, the law implies a promise to pay what such service is reasonably worth.

5. VERDICT—*Excessive.* In the present action for a brokerage commission for the sale of real estate, a verdict for $860 held not to be excessive.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. HARRY C. RIDDLE, Mr. RICHARD F. RYAN, for plaintiff in error.

Mr. GEORGE B. CAMPBELL, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover compensation for services in finding a purchaser for a party desiring to sell real estate. Judgment for plaintiff. Defendant sued out this writ, and applies for a supersedeas.

This case arises out of the transactions involved in *Schleier v. Bonella,* 73 Colo. 222, 214 Pac. 537. As stated in the opinion in that case, plaintiff brought an action in the county court of Jefferson county to recover as upon a contract whereby defendant agreed to pay him all she received for her land above $200 per acre. At the close of plaintiff's evidence, upon the first trial, plaintiff was permitted to amend his complaint by adding an allegation to the effect that his services were reasonably worth the sum of $1,200. There was then a verdict and judgment for plaintiff, and defendant took an appeal to the district court, where again there was a verdict and judgment for plaintiff. Defendant then brought the cause to this court for review, and the judgment was reversed. It was held error to permit the amendment above mentioned. The case having been brought as upon a contract for services, an amendment setting up a cause of action as one upon a quantum meruit was an amendment setting up a new and different cause of action. When the judgment was reversed, it was not reversed with directions to dismiss, but reversed without directions, and other matters were passed upon "in view of the probability" of another trial.

The action was then dismissed in the district court, and plaintiff instituted this, a new action. The complaint con-

tained two causes of action. The first was upon a contract, and the second upon a quantum meruit. The first cause of action is no longer involved in this case, as the plaintiff elected to have the cause go to the jury upon the second cause of action. He obtained a verdict for $860.

Several assignments of error relate to the trial court's rulings involving the defense of res judicata. The answer pleads the judgment of reversal, rendered by this court in *Schleier v. Bonella, supra,* as a bar to the instant case. There was no error in striking that defense. There is nothing in our opinion in the former case which would make the judgment of reversal a bar to the present action. A judgment of reversal is not a bar. It simply leaves the parties in the same position as they were before the judgment of the lower court was rendered. 34 C. J. 774.

There was a dismissal of the action after it was remanded by us. Nothing is disclosed in the record in the instant case, or in the argument, that the dismissal, at least so far as the cause of action based on a quantum meruit is concerned, was a dismissal on the merits. A dismissal without prejudice is not a bar. 34 C. J. 790. If there was a dismissal on the merits as to plaintiff's cause of action upon a contract, that would not, under the circumstances existing in the instant case, be a bar to the institution of a new action upon an implied contract or upon quantum meruit. In 34 C. J. 807, it is said: "The general rule that a judgment for defendant will not bar a subsequent action by plaintiff based on a new and more correct theory applies where plaintiff, in an action to recover on an express contract for services to be rendered * * * has been defeated on the ground that the contract * * * was not proved."

There is no error in the record so far as the question of res judicata is concerned.

The court refused to give certain instructions requested by defendant. The instructions given, however, were sufficient in this case. It is not disputed that the purchaser

was ready, able and willing to purchase on terms submitted by the owner, the defendant Schleier. There was, therefore, no necessity for giving an instruction concerning purchasers.

It is contended that the verdict is excessive because plaintiff, a farmer not engaged in the real estate business, was permitted to recover the same amount that a broker, regularly engaged in the business would recover. Plaintiff recovered $860. If that is what a regular broker would charge for his services, it still may be that it is also the reasonable value of plaintiff's services. 9 C. J. 581, note 50 (f).

We agree with plaintiffs in error that Mrs. Schleier did not promise to pay any definite amount, or to pay what a regular broker would ask as commission. She did, however, according to the evidence, promise to pay "something." The evidence warrants the conclusion that she solicited plaintiff's services. The law, in such cases, implies a promise to pay "what such services are reasonably worth." 40 Cyc. 2809; 9 C. J. 580. We cannot say from the record before us that plaintiff's services were not reasonably worth the amount named in the verdict. The verdict cannot be held excessive.

There is no error in the record. The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.