No. 11,435.

School District No. 8, Saguache County v. Charles.

Decided December 6, 1926.

Action to recover money obtained through alleged fraud and deceit. Judgment of dismissal.

*Affirmed.*

1. Pleading—*Recovery.* As a general proposition a plaintiff must recover, if at all, on his own statement of his cause of action.

2.     *Amendment.* A complaint cannot be amended, over defendant's objection, by substituting for a cause of action therein set up, an entirely different cause of action.

*Error to the District Court of Saguache County, Hon. Jesse C. Wiley, Judge.*

Mr. J. Elzia Johnston, Mr. Merle M. Marshall, for plaintiff in error.

Mr. John I. Palmer, for defendant in error.

*Department Three.*

Mr. Justice Campbell delivered the opinion of the court.

The school district, a quasi municipal corporation, in its complaint against its former secretary and board member alleges that, by his deceit and various fraudulent acts and representations, the secretary caused and induced the school district to give, and he received, of its monies, through six of its warrants to himself for salary which he cashed, the total amount of $180, judgment for which amount is prayed. On issues of fact

joined, a jury being waived, trial was to the court.  At
the close of plaintiff's evidence the defendant's motion
for a nonsuit was sustained by the court and the action
was dismissed.

We cannot interfere with the court's action.  We have
read the evidence and agree with the trial court that
there was no evidence at all of the fraud and deceit al-
leged.  But counsel for the district here suggest, as
they did below, that the pleaded cause of action, fraud
and deceit, should be disregarded, and that the cause of
action should be treated as one of mutual mistake or
misadvertence.  When this suggestion was made below
there was no request by the plaintiff for leave to amend
its complaint, or to file an amended complaint asking re-
lief on the ground that these warrants were issued by
mutual mistake of the parties.  It is familiar learning
that, as a general proposition, a plaintiff must recover,
if at all, on his own statement of his cause of action.
When the trial court here said, in passing upon the mo-
tion for nonsuit, that the fraud and deceit were not estab-
lished, plaintiff did not ask leave to amend its complaint
to correspond to the evidence which it claimed was suffi-
cient to prove a mutual mistake.  But if the plaintiff had
made the request, the court could not properly allow such
a change to be made and this is so for two reasons.  There
is no evidence of a mutual mistake or misadvertence.
Besides, it is not permissible, over defendant's objec-
tion, for a court to permit a complaint to be amended by
substituting for a cause of. action therein set up, an en-
tirely different cause of action.  This court has too often
established this rule now to restate the reasons for it.
Among other authorities, see:  *Anderson v. Groesbeck,*
26 Colo. 3, 55 Pac. 1086; *Anthony v. Slayden,* 27 Colo.
144, 60 Pac. 826; *Connell v. El Paso Gold M. & M. Co.,*
33 Colo. 30, 78 Pac. 677; *Schleier v. Bonella,* 73 Colo.
222, 214 Pac. 537; *Moore v. Carrick,* 26 Colo. App. 97,
108, 140 Pac. 485; 20 Cyc. p. 108.

The judgment must be affirmed. This affirmance, however, is without prejudice to the right of the plaintiff, if it sees fit to do so, to institute another action, as it may be advised, on the ground of mutual mistake.

MR. JUSTICE BURKE sitting for MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.