## No. 12,899.

### BURSON *v*. ADAMSON ET AL.
(25 P. [2d] 723)

Decided September 25, 1933.

Mr. JOHN A. CARROLL, Mr. JAMES L. WEINMEYER, for plaintiff in error.

Mr. HUDSON MOORE, for defendant in error Adamson.

302

Mr. Justice Campbell delivered the opinion of the court.

This is the second time this controversy has been before us for review. Upon the former hearing we affirmed the judgment of the district court which was a dismissal of plaintiff Burson's action without prejudice. *Burson v. Adamson*, 87 Colo. 451, 288 Pac. 623. In the closing paragraph of that opinion, at page 460, the statement is made that the plaintiff had been by the district court given the opportunity of instituting another action within the period of the pertinent statute of limitations and should by that time be sufficiently advised how to state his cause of action. After the cause was remanded to the district court plaintiff was represented by attorneys who did not participate in the first trial. Proceeding under our permissive order, new counsel for the plaintiff instituted in the district court the present action within the statutory limit of time by filing what they call: "Complaint in Damages, Fraud, Deceit and Conversion." Though the action was instituted against the two defendants, J. E. Adamson and R. H. Groff, apparently Groff was not served with summons; at least he did not appear or participate in the trial and defendant Adamson alone is defending here as he did below.

Adamson attacked the first complaint that was filed in the present action by a motion requiring plaintiff to state separately and number his several alleged three causes of action, which motion the trial court sustained and thereupon plaintiff Burson filed his amended complaint in "Damages, Fraud, Deceit and Conversion," which consists of eight lengthy statements of eight separate alleged causes of action in which he asks for actual and exemplary damages in the aggregate sum, as we figure it, of about $87,000.

 This opinion should be read in connection with our opinion in the former case. We have read with care the transcript of the record and briefs of counsel. We are satisfied that the trial court was right in its judgment, which was a dismissal of the action with prejudice. This court takes judicial notice of its own records. The original complaint at the second trial is not now before us for review because the defendant's objection thereto was sustained by the court and its final decision of dismissal of the action with prejudice was rendered upon the amended complaint. The first cause of action in the original complaint, as hereinabove stated, has been subdivided into five alleged causes of action in the amended complaint and all of them are based upon alleged fraud in the failure to perform promises for the performance of future acts. We have held repeatedly that such promises do not constitute the basis of an action for fraud and deceit; at best they amount only to a breach of contract. This is stated in *Nelson v. Van Schaack & Co.*, 87 Colo. 199, 286 Pac. 865, where, as stated in the syllabus, we held that an allegation of unfulfilled promises has no place in a complaint for damages by deceit. A number of our cases are to this effect. *Erisman v. McCarty*, 77 Colo. 289, 236 Pac. 777; *Investors Co. v. Bodnar*, 87 Colo. 498, 502, 289 Pac. 599.

 This amended complaint, over the defendant's objections, contained an entirely new cause of action from any pleaded in the original complaint. The seventh alleged cause of action in the amended complaint pleaded a felonious conversion of notes and chattel mortgages, the property of the plaintiff. This was a new and distinct cause of action, different from any contained in the original complaint, and should have been, as it was, stricken by the trial court. In *School District v. Charles*, 80 Colo. 316, 251 Pac. 529, it was said: "It is not permissible, over defendant's objection, for a court to permit a complaint to be amended by substituting for a

cause of action therein set up, an entirely different cause of action.'' In *Schleier v. Bonella,* 73 Colo. 222, 214 Pac. 537, the original complaint set forth a permit to recover an agreed commission. The trial court, over defendant's objection, allowed an amendment adding a count on quantum meruit for the same services. This was held to be error because the amended complaint made a case entirely different from that originally set forth and it was also said in that opinion that while amendments are allowed in the discretion of the court, such amendments cannot change the cause of action. In *Webber v. Phister,* 70 Colo. 79, 197 Pac. 765, the complaint in the action was based upon an express trust. Plaintiff sought to file an amended complaint retaining the count based upon the express trust and inserted a second count upon the theory of a constructive trust, both counts involving the same subject matter. We there said: ''It is improper, over defendant's objection, to allow an amended complaint to be filed, stating an entirely new and different cause of action, even though the amendment be to correspond to the proof.'' There are other cases in our reports to the same effect.

An attentive examination of this record satisfies us that the trial court was right in its judgment of dismissal of this case with prejudice. The first complaint filed and the amended complaint are as defective as were the pleadings in the former action between the same parties upon the same alleged cause or causes of action. There seems to have been no attempt in the second trial by plaintiff's counsel to conform to the rulings or to comply with the suggestions made by us in the former opinion. It may be that we are justified in assuming that it is true that counsel for plaintiff have availed themselves of all the facts and material that were at their disposal. However that may be, they have signally failed, as we read these pleadings, properly to set forth their cause or causes of action. For the reasons given, the judgment of

the district court dismissing the case with prejudice should be, and it is, affirmed.

MR. JUSTICE BOUCK and MR. JUSTICE HOLLAND do not participate in this opinion.