BAINBRIDGE, INC., Village Homes of Colorado, Inc., a Colorado corporation, Tradition Concepts, Inc., a Colorado corporation, The Genesee Co./Castle Pines, Inc., a Colorado corporation, High View Homes, LLC, a Colorado limited liability company, South Platte Company, LLC, a Colorado limited liability corporation, April Corporation, a Colorado corporation, Forest Glen, Inc., a Colorado Corporation, Larsen Homes, LTD., a Colorado corporation, LHL I, LTD., a Colorado corporation, LHL II, LTD., a Colorado corporation, and Sattler Homes, Inc., a Colorado corporation, Plaintiffs–Appellants,

v.

The BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS, State of Colorado, Defendant–Appellee.

No. 96CA1648.

Colorado Court of Appeals,
Div. IV.

Feb. 5, 1998.

Rehearing Denied March 19, 1998.

Certiorari Denied Oct. 19, 1998.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Thomas J. Ragonetti, J. Thomas Macdonald, David P. Hutchinson, Denver, for Plaintiffs–Appellants.

J. Mark Hannen, County Attorney, Castle Rock; Mulliken, Gleason & Weiner, P.C., Edward A. Gleason, Murray I. Weiner, Colorado Springs, for Defendant–Appellee.

Opinion by Judge RULAND.

Plaintiffs, Bainbridge, Inc.; Village Homes of Colorado, Inc.; Tradition Concepts, Inc.; The Genesee Co./Castle Pines, Inc.; High View Homes, LLC; South Platte Company, LLC; April Corporation; Forest Glen, Inc.; Larsen Homes, Ltd.; LHL I, Ltd.; LHL II, Ltd.; and Sattler Homes, Inc., filed this action against defendant, the Douglas County Board of Commissioners, seeking a determination that the building permit fees imposed on construction of new structures were illegal. Plaintiffs appeal from a judgment in favor of the County. We affirm in part, reverse in part, and remand for further proceedings.

Sections 30–28–205(1) and 30–28–114, C.R.S.1997, both provide that a board of county commissioners may fix a "reasonable schedule of fees" for the issuance of building permits.

Pursuant to § 30–28–201(1), C.R.S.1997, counties are also authorized to adopt a building code consistent with the 1988 edition, or a later revision, of the Uniform Building Code. Pursuant to that statute, the County here adopted the 1991 edition of the Code. Table No. 3–A of the 1991 Code contains a schedule of building permit fees that is used by the County and other counties in the Denver metro area.

Plaintiffs filed this action contending that the fees in Table No. 3–A were illegal because the revenues generated far exceeded the direct costs of operating the county building department. Plaintiffs relied upon their allegation, among others, that in 1995 permit fees paid pursuant to Table No. 3–A totaled nearly $4,400,000. However, direct costs to operate the county building department approximated only $1,060,000 thus leaving a surplus in excess of $3,300,000.

Following presentation of plaintiffs' evidence in a bench trial, the court granted the County's motion to dismiss the complaint, concluding that § 30–28–201(1) specifically authorized the County to adopt Table No. 3–A. The court also concluded that no statute required that the fees collected pursuant to that table equal or approximate the direct costs of operating the building department. In effect, the court concluded that the fees were reasonable as a matter of law because such were authorized in the building code. Accordingly, the court entered judgment for the County.

I

Relying upon *Bloom v. City of Fort Collins*, 784 P.2d 304 (Colo.1989), plaintiffs contend that the trial court erred in determining that the permit fees charged by the County were valid. According to plaintiffs, unless the fees collected approximate the direct costs of operating the building department, the fees charged constitute an unlawful tax in violation of the Colo. Const. art X, § 3, mandating uniform property taxation. We disagree.

In *Bloom*, our supreme court addressed a "transportation utility fee" charged by a home rule city to defray the cost of street maintenance. The fees were based upon the amount of frontage, in linear feet, of lots owned or occupied on a public street. One section of the ordinance authorized a transfer of fees collected in excess of the amount required for maintenance "to any other fund of the city."

The court held that the fee was neither an *ad valorem* tax nor an excise tax because the purpose was to maintain the streets used by the property owners and not to defray the general expenses of government. Accordingly, the court concluded that because the fees were reasonably designed to meet the "overall cost" of the services for which the fees were imposed, the ordinance did not violate Colorado law relative to imposition of unlawful taxes. Finally, the *Bloom* court held that "mathematical exactitude" was not required in establishing the amount of fees necessary to defray the overall costs of the services.

*Bloom v. City of Ft. Collins, supra,* 784 P.2d at 308.

The *Bloom* court also concluded, however, that to the extent the ordinance authorized a transfer to the general fund, it was invalid as authorizing the fees to be used to defray general government expenses.

### A

■ Contrary to plaintiffs' contention, we do not read *Bloom* as holding that a fee imposed for building department services may not exceed the direct costs required to operate the building department. Instead, we agree with the County that indirect costs, including, for example, services furnished by the county manager, the county attorney's office, the assessor's office, and various other divisions of county government, may be calculated in determining the present operational cost and future expansion of the building department. In our view, these costs are part of the "overall costs" required to operate that department.

In addition, we also agree with the trial court's conclusion that the General Assembly did not intend in §§ 30–28–205(1) and 30–28–114 to limit the schedule of fees authorized by that section to direct costs of operating the building department.

■ In reaching this conclusion, we recognize that counties are political subdivisions of the state and have only those powers expressly or impliedly granted by the Colorado constitution or the General Assembly. *See Board of County Commissioners v. Bainbridge, Inc.,* 929 P.2d 691 (Colo.1996). However, the General Assembly may delegate authority to the county based upon a "reasonableness" standard in appropriate circumstances, if, as here, flexibility is required for counties to operate effectively in addressing local concerns. *See Cimarron Corp. v. Board of County Commissioners,* 193 Colo. 164, 563 P.2d 946 (1977)(county authorized to adopt regulations for acquisition of school and park sites "when such are reasonably necessary"); *Asphalt Paving Co. v. Board of County Commissioners,* 162 Colo. 254, 425 P.2d 289 (1967)(county authorized to adopt "reasonable" regulations governing traffic).

Further, to read into the statute the unexpressed limitation urged by plaintiffs would preclude the County from funding the various indirect costs reasonably required to operate the building department. *See City of Commerce City v. Cooper,* 198 Colo. 553, 609 P.2d 106 (1979)(costs reasonably related to the service provided may be imposed).

We find further support for our conclusion in the fact that a committee of the General Assembly specifically declined to approve an amendment to the statute during the 1997 session to limit fees charged to amounts necessary to recover the county's direct costs. *See* Hearings on S.B. 97–210 before the Senate Local Government Committee, 61st General Assembly, First Regular Session (March 20, 1997); *see also Haines v. Colorado State Personnel Board,* 39 Colo.App. 459, 566 P.2d 1088 (1977)(refusal of legislative committee to adopt amendment may be indicative of legislative intent).

### B

■ We disagree with the trial court's conclusion, however, that there is no requirement that the fees generated generally approximate the overall costs of operating the building department. As we read *Bloom,* such a requirement is necessary in order to prevent the fees from being unlawful taxes that violate the Colorado constitution. And, we perceive no basis for concluding that the constitutional analysis in *Bloom* applies to home rule cities but not to counties.

Here, plaintiffs offered evidence relative to the direct and indirect costs of operating the building department. Defendant also offered evidence on both of these issues. However, the trial court made no findings of fact concerning whether the fees charged were approximately required to offset the direct and indirect costs of operating the building department. Accordingly, the case must be remanded for further proceedings.

### II

Because additional proceedings are required to resolve plaintiffs' complaint, we do not address their contentions relative to the award of costs by the court.

That part of the judgment determining that building permit fees charged by the County are not limited to the direct costs required to operate the building department is affirmed. That part of the judgment determining, in effect, that the fees need not approximate the overall direct and indirect costs of operating the building department is reversed, and the cause is remanded for additional findings consistent with the views expressed in this opinion. Upon remand, the trial court may determine, in its discretion, whether a further evidentiary hearing is appropriate.

HUME and NEY, JJ., concur.