Charles A. NICHOLS, Plaintiff–Appellant,

v.

BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, Defendant–Appellee.

No. 01CA1279.

Colorado Court of Appeals, Div. III.

Aug. 1, 2002.

Roberts Levin & Patterson PC, Thomas L. Roberts, Christine K. Biretta, Denver, Colorado; Jones & Granger, Martin E. Jackson, Conifer, Colorado, for Plaintiff–Appellant.

Hall & Evans L.L.C., Alan Epstein, Frederick T. Martinez, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this action filed pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq., and the Locomotive Boiler Inspection Act, 49 U.S.C. § 20701, plaintiff, Charles A. Nichols, appeals from the trial court's grant of summary judgment and lump sum award of costs to defendant, Burlington Northern and Santa Fe Railway Company. We reverse and remand.

Plaintiff was employed as a locomotive engineer for defendant. In late July 1997, plaintiff filed an occupational injury report asserting injury to his neck from repetitively leaning out locomotive cab windows. In May 1999, after plaintiff had seen several doctors and was removed from service for a period, defendant's doctor cleared plaintiff to return to work without restrictions. In November 1999, he injured his knee and lower back when he fell after losing his grip while mounting a locomotive. In June 2000, plaintiff filed this action, asserting that his job required him to hold his head, neck, and upper body in an awkward position and resulted in a cumulative injury to his upper back and neck. Additionally, he asserted that his loss of grip in the November 1999 incident resulted from the cumulative injury.

Defendant moved for summary judgment, contending that any claim based on the cumulative injury was barred by the statute of limitations because plaintiff was or should have been aware of his cumulative injury and its cause more than three years prior to the filing of the lawsuit. Defendant also moved for summary judgment on plaintiff's claim as it pertained to the injuries from the November 1999 fall, arguing that there was no evidence of negligence on the part of defendant.

The trial court granted summary judgment on the entire claim on the basis that it was barred by the three-year statute of limitations. In concluding that plaintiff knew or should have known of his injuries prior to June 1997, the trial court noted that plaintiff had made visits to a chiropractor for back and neck pain in 1992 and 1996; after the latter visit, the doctor made a notation that "[t]he patient's progress is affected by work"; and the doctor recalled that plaintiff had said that his work was exacerbating his neck and back pain. The trial court also relied on two statements made by plaintiff after June 1997. The first statement, "I have had this neck problem for about 3 years, but never has it been this bad," was made on a medical form during a visit ordered by defendant shortly after plaintiff reported his July 1997 injury. The second statement was made to one of defendant's claims adjusters in late August 1997. In that statement, plaintiff admitted he knew as early as 1992 or 1994 that leaning out locomotive windows was causing him discomfort.

We review questions of summary judgment de novo. *See Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Bd.*, 901 P.2d 1251 (Colo.1995). The moving party must demonstrate that no issue of material fact remains disputed and that it is entitled to judgment as a matter of law. *See* C.R.C.P. 56(c). "A party against whom summary judgment is sought is entitled to the benefit of all favorable inferences that may be drawn from the facts." *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1340 (Colo. 1988).

In FELA cases, courts apply federal law interpreting the Act to determine the substantive rights of the parties. *See Johnson v. Nat'l R.R. Passenger Corp.*, 989 P.2d 245 (Colo.App.1999). Close cases under FELA should be allowed to proceed to trial. *See Bailey v. Cent. Vt. Ry.*, 319 U.S. 350, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444, 1448 (1943)("To deprive [railroad] workers of the benefit of a jury trial in close or doubtful cases is to take away a goodly portion of the relief which Congress has afforded them.").

## I.

■ Plaintiff contends that the trial court erred in granting summary judgment on the part of his claim related to cumulative cervical spine and neck injuries. We agree.

■ The running of the statute of limitations for a FELA claim based on a cumulative injury is calculated under the discovery rule. *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585 (6th Cir.2001). Under the discovery rule, a cumulative injury is considered to occur when the accumulated effects manifest themselves. *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949). A claim for relief accrues when a reasonable person knows or should have known of both the injury and its governing cause. This rule requires an objective inquiry into when the plaintiff knew or, in the exercise of reasonable diligence, should have known the essential facts of the injury and its cause. *Fries v. Chicago & Northwestern Transp. Co.*, 909 F.2d 1092 (7th Cir.1990).

■ Suspicion of a cause is not enough; a claimant must either know of the problem and the probable connection or ignore a problem that would be apparent to a reasonable person. *Reasons v. Union Pac. R.R.*, 886 S.W.2d 104 (Mo.Ct.App.1994). While a doctor's diagnosis is not necessary to know of an injury, there is a difference between an injury for which a claim of compensation can be filed and intermittent pain that is presumed to be temporary and is quickly resolved. *Sabalka v. Burlington N. & Santa Fe Ry.*, 54 S.W.3d 605 (Mo.Ct.App.2001); *see also Schaefer v. Union Pac. R.R.*, 10 F.Supp.2d 1240 (D.Wyo.1998), *aff'd*, 182 F.3d 933, 1999 WL 333099 (10th Cir.1999).

■ Typically, when a plaintiff knew or should have known of his or her injury and its cause is a question of fact for the jury to determine. *Rogers v. Illinois Cent. R.R.*, 833 S.W.2d 426 (Mo.Ct.App.1992). A triable factual issue remains when there is sufficient evidence for a jury to reasonably find for the plaintiff. *Fonseca v. Consol. Rail Corp., supra.*

We conclude that whether plaintiff's prior incidents of neck pain were sufficient to demonstrate that he knew or should have known of his injury and its cause prior to June 1997 is an unresolved question of fact.

Plaintiff visited the chiropractor only three times before July 1997. During those visits, he was treated with ultrasound and either massage and manipulation or an adjustment and was directed to return as needed. Nearly four years elapsed between the first and second visit and approximately five months between the second and third. Only at the third visit was the neck and back pain attributed to overexertion.

In contrast, when asked in his deposition about the neck pain that occurred in July 1997, plaintiff stated: "[I]f I ever had neck pain before, it would go away. And, you know, sometimes it would hurt for an hour or two. And this one never went away. I waited two, three days for it to go away, and it never went away." In his affidavit, plaintiff stated: "It was not until my neck started swelling up and hurting very badly on July 31, 1997 that I ever considered that I had a permanent injury from working on the locomotives. Previously, the neck and upper back pain was only an occasional irritation which always went away." Moreover, plaintiff's chiropractor indicated:

> On one occasion, I recall [plaintiff] indicating that working for [defendant] had made his neck stiff. However, until he began seeking treatments on a frequent basis after July 31, 1997, I was not able to diagnose and did not diagnose any injury to [plaintiff's] neck or back.... At no time prior to 1997 did I consider that [plaintiff] had received any injury from his work. I treated him for infrequent stiffness and soreness in his neck as opposed to a permanent injury.

While plaintiff's statement to the claims adjuster, his chiropractor's notation that plaintiff's progress was "affected by work," and certain complaints he made to safety personnel in 1994 and 1995 indicate that plaintiff knew that the locomotive seats were causing discomfort or exacerbating neck pain, they do not establish that he knew he had a permanent cumulative injury. The statement on the medical form, "I have had this neck problem for about 3 years, but

never has it been this severe," is consistent with plaintiff's characterization of the July 1997 pain as qualitatively different from earlier pain.

In each of the cases relied upon by defendant to support its contention that summary judgment was proper, the plaintiff was aware of a chronic condition, not only sporadic symptoms, and knew or strongly suspected that work was the cause of the injury. *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233 (10th Cir.2001)(plaintiff complained to doctor of chronic back pain and a significant worsening of pain that he believed to be work-related more than three years prior to filing suit); *Tolston v. Nat'l R.R. Passenger Corp.*, 102 F.3d 863 (7th Cir.1996)(plaintiff began suffering extreme pain and seeking regular treatment and medication six years before filing suit); *Bealer v. Missouri Pac. R.R.*, 951 F.2d 38 (5th Cir.1991)(plaintiff associated hearing loss with work, was told to wear earplugs, suffered from dizziness, was terminated from employment because of ear problems more than three years before filing suit, and admitted there had been no subsequent substantial change in hearing loss); *Fries v. Chicago & Northwestern Transp. Co., supra* (ringing in ears, which worsened at work, subsided on weekends, and would not subside without two hours of silence after coming home from work, developed five or six years prior to filing).

Here, in contrast, drawing all favorable inferences from the facts in the record, a jury could reasonably conclude that prior to July 1997, plaintiff suffered from only occasional irritation and mild pain in his neck, which was distinct from the pain he suffered beginning in July 1997, and he did not have reason to know that he had a work-induced cumulative injury to his neck and spine. Thus, we conclude that summary judgment on statute of limitations grounds was inappropriate.

## II.

Plaintiff contends that the trial court also erred in concluding that his claim concerning the November 1999 accident was time barred when defendant had not requested summary judgment on that basis. We agree that summary judgment was improperly granted.

Defendant requested summary judgment on the issue of plaintiff's injuries from the November 1999 fall on the basis that there was no evidence that defendant violated any regulation or failed to provide a safe workplace. The trial court granted summary judgment on the entire claim on statute of limitations' grounds, stating that plaintiff knew or should have known of his injuries in August 1996.

Presumably, the trial court viewed the November 1999 fall as an extension of the claimed cumulative injury. However, in light of our conclusion that the trial court erred in granting summary judgment on statute of limitations grounds on the cumulative injury, entry of summary judgment on the claim relating to the 1999 incident was also improper.

 Defendant contends that it was, nevertheless, entitled to summary judgment for the November 1999 injury claim because plaintiff did not allege or show any act of negligence. However, for purposes of avoiding summary judgment, the record includes sufficient assertions that defendant acted negligently in returning plaintiff to work without restrictions and requiring him to perform duties it knew or should have known would aggravate his neck injury.

## III.

Plaintiff also contends that the court erred in awarding defendant costs in a lump sum without making supporting findings. Given our determination that the underlying judgment must be reversed, the award of costs is vacated. *See Rossman v. Seasons at Tiara Rado Assocs.*, 943 P.2d 34 (Colo.App.1996).

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge JONES and Judge KAPELKE concur.