BAINBRIDGE, INC.; Village Homes of Colorado, Inc., a Colorado corporation; Tradition Concepts, Inc., a Colorado corporation; Genesee Co./Castle Pines, Inc., a Colorado corporation; High View Homes, L.L.C., a Colorado limited liability company; South Platte Co., a Colorado limited liability company; April Corporation, a Colorado corporation; Forest Glen, Inc., a Colorado corporation; Larsen Homes, Ltd., a Colorado corporation; LHL II, Ltd., a Colorado corporation; Sattler Homes, Inc., a Colorado corporation; and LHL I, Ltd. a Colorado corporation, Plaintiffs–Appellants,

v.

The DOUGLAS COUNTY BOARD OF COMMISSIONERS, Defendant–Appellee.

No. 01CA1742.

Colorado Court of Appeals, Div. IV.

Aug. 15, 2002.

1. Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Thomas J. Ragonetti, Brad W. Schacht, David P. Hutchinson, Denver, Colorado, for Plaintiffs–Appellants.

J. Mark Hannen, County Attorney, Castle Rock, Colorado; Mulliken, Gleason, Weiner, Whitney & Jolivet, P.C., Edward A. Gleason, Murray I. Weiner, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge ROTHENBERG.

Plaintiffs, Bainbridge, Inc., Village Homes of Colorado, Inc.; Tradition Concepts, Inc.;

Genesee Co./Castle Pines, Inc.; High View Homes, L.L.C.; South Platte Co.; April Corporation; Forest Glen, Inc.; Larsen Homes, Ltd.; LHL II, Ltd.; Sattler Homes, Inc.; and LHL I, Ltd. (the homebuilders), appeal the trial court's order awarding costs to defendant, the Douglas County Board of Commissioners (the Board), including those costs awarded in an earlier, related action that the homebuilders successfully appealed. We affirm in part, reverse in part, and remand with directions.

This is the third appeal arising from a dispute between the parties over the reasonableness of the fees that the Board charged the homebuilders for constructing new buildings. Most of the salient facts are set forth in *Bainbridge, Inc. v. Board of County Commissioners,* 964 P.2d 575 (Colo.App.1998)(*Bainbridge I* ). We state additional facts only as necessary to resolve the issues presented here, which are limited to the trial court's award of costs following the remand proceedings.

In the first action, the trial court conducted a bench trial and dismissed the case after the homebuilders presented their evidence. Pursuant to C.R.C.P. 54(d), the Board then filed a bill of costs to recover the cost of its experts, and the trial court awarded costs to the Board in the first action, including those for the Board's cost-accounting expert and its Uniform Building Code expert.

A division of this court reversed the judgment in the first action. Without explicitly reversing the award of costs from that action, the panel stated: "Because additional proceedings are required to resolve [the homebuilders'] complaint, we do not address their contentions relative to the award of costs by the court." *Bainbridge I, supra,* 964 P.2d at 577.

On remand (the second action), the Board employed several experts, including two new cost-accounting experts who were certified public accountants and the same Uniform Building Code expert. Another bench trial was conducted to resolve whether the fees imposed by the Board were reasonable to cover the direct and indirect costs of the county's building department.

The trial court again entered judgment for the Board, and the Board then filed a second bill of costs to recover its expenses for the experts employed during the second action. The Board took the position that the trial court's order awarding costs in the first action was "the law of the case" and had survived the reversal of the judgment and that the costs associated with their experts in the second action were reasonable.

The homebuilders filed a response to the second bill of costs. They objected to the costs associated with the new cost-accounting experts and the Uniform Building Code expert's services in the second action, contending such costs were unreasonable. They also maintained that because the judgment in the first action was reversed on appeal, the underlying award of costs from that action was no longer valid.

Meanwhile, the homebuilders appealed the judgment in the second action.

Several months later, the trial court entered an order awarding costs to the Board in the second action, including costs for the two new cost-accounting experts and the Uniform Building Code expert. In its order, the trial court also upheld the validity of the cost award in the first action, stating: "[The court's] prior ruling [awarding costs in the first action] fully resolved the issue of costs. The appellate court's decision did not reverse or remand that cost order."

Another division of this court affirmed the trial court's judgment on the merits for the Board in the second action. *Bainbridge, Inc. v. Board of County Commissioners,* 53 P.3d 646, 2001 WL 987599 (Colo.App. No. 00CA1435, Aug. 30, 2001)(*Bainbridge II* ).

## I. Viability of Previous Cost Award

The homebuilders contend the trial court erred in upholding the first order awarding costs. We agree.

The Colorado Supreme Court has stated that "[a] judgment of reversal ... simply leaves the parties in the same position as they were before the judgment of the lower court was rendered." *Schleier v. Bonella,* 77 Colo. 603, 605, 237 P. 1113, 1113 (1925). Thus, when an underlying judgment

is reversed, an award that is dependent on that judgment for its validity is also necessarily reversed and becomes a nullity. *Nichols v. Burlington Northern & Santa Fe Ry.*, 56 P.3d 106 (Colo.App. 2002)(award of costs becomes null when judgment supporting that award is reversed); *Harkrider v. Posey*, 24 P.3d 821 (Okla.2000)(same); *see Nagy v. Landau*, 807 P.2d 1227 . (Colo.App. 1990)(award of attorney fees is necessarily reversed where judgment upon which it relied was reversed).

■ Pursuant to C.R.C.P. 54(d), "[e]xcept when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." To be a prevailing party for the purposes of this rule, a party must have succeeded on a significant issue presented by the litigation and must have achieved some of the benefits sought in that action. *Weeks v. City of Colorado Springs*, 928 P.2d 1346 (Colo.App.1996).

■ However, where a judgment has been successfully appealed, an award of costs previously entered on that judgment is no longer valid because, upon remand, that judgment no longer exists. The identity of the prevailing party is still unknown, and only after the stage of the proceedings where a prevailing party can be identified will a court's order awarding costs be valid. *In re Water Rights of Board of County Commissioners*, 891 P.2d 981 (Colo.1995); *Harkrider v. Posey, supra,* 24 P.3d at 833 ("An [award of costs], based upon the prevailing party status of one of the litigants, is ... inexorably tied to the fate of the judgment creating the successful litigant's prevailing party status.").

Here, the judgment underlying the award of costs in the first action was reversed in *Bainbridge I,* and the case was remanded for further proceedings. As a result, the Board was no longer the prevailing party, and the order awarding costs, which was dependent on and ancillary to that vacated judgment, was also reversed. *See In re Water Rights of Board of County Commissioners, supra.* The parties returned to the same positions they were in before the filing of the first action. *See Schleier v. Bonella, supra.*

We therefore conclude that the order awarding costs in the first action is a nullity and that the trial court erred in upholding its validity. Upon remand, however, and upon proper motion, the trial court may determine the propriety of awarding costs arising from the first action because the identity of the prevailing party can now be identified. *See In re Water Rights of Board of County Commissioners, supra.*

Given our conclusion that the award of costs is a nullity that must be vacated, we need not address the Board's argument that it was a final order that was not timely appealed.

## II. Reasonableness of Cost Award

Although we have concluded the original cost award must be vacated, the trial court also ruled that the Board was entitled to its costs after the second trial because it was the prevailing party. Therefore we address, and reject, the homebuilders' contentions regarding the merits of the second award.

■ Generally, when costs are necessarily incurred in preparing for trial and because of litigation, reasonable costs may be awarded to the prevailing party, and trial courts may exercise their discretion in awarding such costs under C.R.C.P. 54(d). *Mackall v. Jalisco International, Inc.,* 28 P.3d 975 (Colo.App.2001). In reviewing an award of costs, we will not overturn the trial court's determination absent a clear abuse of discretion. *Ballow v. PHICO Insurance Co.,* 878 P.2d 672 (Colo.1994).

■ A trial court may award costs to a prevailing party for an expert witness who does not testify, but the court must find that such costs were reasonable. *Great Western Sugar Co. v. Northern Natural Gas Co.,* 661 P.2d 684 (Colo.App.1982), *aff'd sub nom. KN Energy, Inc. v. Great Western Sugar Co.,* 698 P.2d 769 (Colo.1985).

### A. Cost–Accounting Experts

The homebuilders do not contend the costs for the two cost-accounting experts used in

the second action were unreasonable. But, the homebuilders do object to the fact that they were also assessed for the costs associated with the cost-accounting expert used by the Board in the first action.

The Board did not include in the second bill of costs any of the expenses of the cost-accounting expert it used in the first action. The only basis the Board alleged for recovering this expert's expenses was that the award of costs in the first action remained valid, and we have concluded that order must be vacated as a result of the reversal of the underlying judgment supporting it.

Hence, the only costs before us at this time involve the two cost-accounting experts from the second action, and because the homebuilders concede these cost are reasonable, we affirm the award of such costs. As we have noted earlier, on remand the Board may request that the trial court determine the propriety of costs arising from the first action, including the first cost-accounting expert's expenses.

### B. Uniform Building Code Expert

■ The homebuilders finally contend the trial court abused its discretion in awarding costs in the second action for the Board's Uniform Building Code expert. According to the homebuilders, this expert's opinions and advice concerning issues in the second action were irrelevant. We disagree.

In the first action, the homebuilders challenged the Board's fee schedule that was based on a table in the Uniform Building Code. The homebuilders retained two experts to offer opinions concerning the unreasonableness of this fee schedule, and the Board retained the Uniform Building Code expert to offer advice on the reasonableness of this fee schedule.

In the second action, the issue at trial was limited to whether the fees charged by the Board were reasonable in relation to the direct and indirect costs of the building department. As the division stated in *Bainbridge I, supra*, 964 P.2d at 577, "indirect costs, including, for example, services furnished by the county manager, the county attorney's office, the assessor's office, and various other divisions of county government, may be calculated in determining the present operational cost and future expansion of the building department."

The Board's expert witness disclosure statement in the second action explained that its Uniform Building Code expert was going to testify "regarding the proper organization and structure of building departments, and the need to maintain a department of adequate size for the character and size of the jurisdiction [and regarding] the proper functioning and staffing of a building department, the need for that department to be available to respond to requests for services from both the public at large and the building industry, and related facts and circumstances."

In its second bill of costs, the Board further explained that this expert continued to consult with its members after the panel reversed and remanded the first action in *Bainbridge I*. That bill of costs added that the expert had reviewed that decision, apparently to determine its impact, had conducted additional research, and had charged the Board approximately $2,125 for twelve hours of consulting and other expenses.

In view of the division's prior holding concerning the nature of indirect costs and this expert's alleged knowledge in this area, we conclude the trial court's award of costs for this witness was reasonable. The expert witness offered advice that may have been relevant to the preparation for the second action, and the Board limited his involvement in this case. We therefore conclude the trial court did not abuse its discretion in awarding costs for the Board's Uniform Building Code expert in the second action.

The trial court's order is reversed to the extent it upholds the first order awarding costs. The order is affirmed in all other respects, and the case is remanded for further proceedings consistent with this opinion.

Judge NEY and Judge VOGT concur.