24CA1165 Kritzer v Qwest 05-29-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1165
Arapahoe County District Court No. 17CV32950
Honorable Elizabeth Beebe Volz, Judge

---

Stuart Kritzer and Janet Kritzer,

Plaintiffs-Appellants,

v.

Qwest Corporation,

Defendant-Appellee.

---

ORDER REVERSED

Division VI
Opinion by JUDGE WELLING
Kuhn and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 29, 2025

---

Leventhal Puga Braley P.C., Jim Leventhal, Julia T. Thompson, Nathaniel E. Deakins, Denver, Colorado, for Plaintiffs-Appellants

Hall & Evans, LLC, Benton J. Barton, Theresa A. Vogel, Ethan E. Zweig, Denver, Colorado, for Defendant-Appellee

¶ 1    Plaintiffs, Stuart and Janet Kritzer (collectively, the Kritzers), appeal the trial court's order awarding defendant, Qwest Corporation, its attorney fees and costs.  The trial court awarded Qwest its attorney fees and costs based on it being the prevailing party on a motion for summary judgment in which the trial court dismissed all of the Kritzers' claims against Qwest based on the application of the Colorado Recreational Use Statute, sections 33-41-101 to -106, C.R.S. 2024.  *See* § 33-41-105.5, C.R.S. 2024 ("The prevailing party in any civil action by a recreational user for damages against a landowner who allows the use of the landowner's property for public recreational purposes shall recover the costs of the action together with reasonable attorney fees as determined by the court.").  Today, in a companion case, we reversed that judgment.  *See Kritzer v. Qwest Corp.*, 2025 COA 54, ¶¶ 3, 57.

¶ 2    In this appeal, the Kritzers challenge both Qwest's entitlement to an award of costs and fees, as well the amount the court awarded.  Both parties, however, agree that if the underlying judgment is reversed, the proper disposition of this appeal is to reverse the award of fees and costs without considering the merits of the court's award.  We agree that that is the proper disposition of

1

this appeal. *See Bainbridge, Inc. v. Douglas Cnty. Bd. of Comm'rs*, 55 P.3d 271, 273-74 (Colo. App. 2002) ("[W]hen an underlying judgment is reversed, an award that is dependent on that judgment for its validity is also necessarily reversed and becomes a nullity."); *see also Rose Confections, Inc. v. Ambrosia Chocolate Co.*, 816 F.2d 381, 396 (8th Cir. 1987) ("Since we have partially reversed the underlying judgment, we reverse the award of attorney[] fees and costs as well."); *Roe v. Roe*, 535 P.3d 274, 293 (Nev. App. 2023) ("An award of attorney fees and costs is appropriately vacated when a portion of the underlying order is reversed."). Accordingly, we reverse the trial court's award of attorney fees and costs.

JUDGE KUHN and JUDGE SCHUTZ concur.