Joseph BASKIN,* as administrator of the Estate of James Baskin, Plaintiff-Appellant, Cross-Appellee,

v.

Paul H. HAWLEY, Marvin B. Morganbesser, Gregory S. Oneglia, Howard G. Weiss, Dominick Lopreato, Ermin Nobili, Anthony Barbero, Trustees of the Connecticut Laborers Pension Fund; the Laborers International Union of North America; the Connecticut District Council of Laborers, Local 449 of the Laborers International Union of North America; Louis R. Mazza, Frank Martinelli, Arnold Vacca, Joseph Deluca, J. Cappocci, J. Copeland, A. Catugno, W. Buzzeo, W. Balzavini, S. Deluca, S. Mazzola, A. Panichella, Z. Forshaw, Arthur J. Kelly, James R. Spearman, Arthur C. Coia, Albert Guarino, Julius Nobili, Dominic J. Russo, Charles R. Scalaro, John L. Silva, Joseph Vercelli, Ronald Divicino, Harry J. Russo, Robert R. Blakeslea, The Estate of Edward N. Dew, and The Estate of Michael R. Balesano, Stright Sewage Disposal Company, Defendants,

Local 449 of the Laborers International Union of North America, Defendant-Appellee, Cross-Appellant.

Nos. 596, 710, Dockets 86–7790, 86–7888.

United States Court of Appeals, Second Circuit.

Argued Jan. 22, 1987.

Decided Feb. 4, 1987.

Joseph A. Moniz, Hartford, Conn. (A. Robert Fischer, Day, Berry & Howard, Hartford, Conn., Marilyn Ford, Bridgeport, Conn., on the brief), for plaintiff-appellant, cross-appellee.

Peter W. Benner, Hartford, Conn. (Alan E. Lieberman, Shipman & Goodwin, Hartford, Conn., on the brief), for defendant-appellee, cross-appellant.

Before LUMBARD, KEARSE, and PRATT, Circuit Judges.

PER CURIAM:

Plaintiff Joseph Baskin, having been substituted as plaintiff for his late father,

---

* Pursuant to Fed.R.App. 43(a), Joseph Baskin, as administrator of the estate of James Baskin, has been substituted as plaintiff-appellant-cross-appellee.

James Baskin ("Baskin"), appeals from so much of an order of the United States District Court for the District of Connecticut, Ellen Bree Burns, *Judge*, as denied plaintiff an award of attorneys' fees in excess of $3,166. Defendant Local 449 of the Laborers International Union of North America ("Local 449" or the "Union") cross-appeals, contending that no award of fees was warranted. For the reasons below, we dismiss the appeal and cross-appeal, without prejudice to the filing of new appeals after a final judgment is entered below.

## BACKGROUND

The claims asserted in this action by Baskin, a former member of Local 449, included (1) a claim against Stright Sewage Disposal Company ("Stright"), Baskin's former employer, for breach of its obligations to make pension contributions on Baskin's behalf in the Connecticut Laborers Pension Fund; (2) a claim against the Union for breach of its statutory duty of fair representation, in violation of 29 U.S.C. § 159(b) (1982), for failure to compel Stright to make such contributions, and (3) a claim against the Union for infliction of "severe emotional suffering, distress, anxiety and grief" by its failure to perform its statutory duties. The claim against Stright was summarily dismissed on statute of limitations grounds. The claims against Local 449 were tried in 1985 and resulted in a jury verdict in Baskin's favor, awarding him (1) compensation for past and future pension benefits in amounts later determined by the court, and (2) $650,000 in damages for emotional distress. The district court set aside the latter award and granted judgment in favor of the Union on that claim notwithstanding the verdict ("n.o.v."); the court ordered that if the judgment n.o.v. were set aside on appeal, there would be a new trial on the damages issue of this claim unless Baskin agreed to a remittitur of $600,000.

In December 1985, Baskin appealed from the district court's final judgment, and Local 449 cross-appealed. The appeals were argued in May 1986 and decided in December 1986. We affirmed the judgment in large part but (1) reversed the summary dismissal of the claim against Stright, remanding that claim for trial, and (2) reversed both the judgment n.o.v. in favor of Local 449 and the conditional order of remittitur, and remanded for a new trial of liability and damages issues in connection with the claim for emotional distress. *Baskin v. Hawley*, 807 F.2d 1120 (2d Cir.1986) ("*Baskin I*").

In the meantime, in November 1985, Baskin had moved in the district court for an award of attorneys' fees under the so-called "bad faith" exception to the "American Rule" that the prevailing party ordinarily may not recover his attorneys' fees from the losing party. In rulings handed down in May 1986 and August 1986, the district court held that Baskin was entitled to an award of $3,166 in attorneys' fees, reflecting a determination that only a very limited amount of additional effort had been caused by two discrete bad faith acts of the Union in the conduct of the litigation. These rulings are the subject of the present appeal and cross-appeal. Plaintiff contends that the court should have awarded attorneys' fees covering the entire litigation; Local 449 contends that no award was proper.

In light of the fact that the case has been remanded to the district court for further proceedings, we dismiss the present appeal and cross-appeal without prejudice to the parties' renewing their present arguments on appeals from such new final judgment as may be entered at the conclusion of the litigation.

## DISCUSSION

Prudential considerations lead to our conclusion that these appeals should be dismissed as premature notwithstanding the fact that they are taken from what was, at that time, a "final decision[ ]" within the meaning of 28 U.S.C. § 1291 (1982). There is a strong federal policy against the taking of piecemeal appeals. This policy is reflected, for example, in the rule that an

interim award of attorneys' fees to a plaintiff as a prevailing party on some claims, where other claims remain pending, is not immediately appealable. *E.g., Hastings v. Maine-Endwell Central School District,* 676 F.2d 893, 895–96 (2d Cir.1982) (dismissing appeal by defendant from interim award of fees pursuant to 42 U.S.C. § 1988 in connection with granting of plaintiffs' motion for preliminary injunction, while claim for damages remained pending).

Plaintiff contends that the bad faith conduct of Local 449 during and prior to the present litigation entitles him to an award of fees for the entire cost of pursuing the litigation. The district court phase of the litigation, however, has not concluded, for *Baskin I* vacated the final judgment and remanded for a new trial of certain of plaintiff's claims, including the claim that the Union's breach of its statutory duty toward Baskin had been sufficiently outrageous to justify an award of damages for emotional distress. Given the history of this litigation, there is little reason to believe that the outcome of the proceedings on remand will not result in further appeals to this Court. There is no reason that the court's August 1986 award of attorneys' fees cannot be fully reviewed on such appeals, and at that time the full scope of plaintiff's request for fees will be known. In order, therefore, to avoid unnecessarily fragmenting the appellate review of what remains of this litigation, we dismiss the present appeals.

■ We note in passing that *Baskin I's* vacation of the original judgment, together with the dismissal of these appeals, has the effect of making the August 1986 award of fees an interim award. That award, like any other interlocutory order, may be modified by the district court at any time prior to the entry of final judgment, should the court determine that it is appropriate to do so. *Hastings v. Maine-Endwell Central School District,* 676 F.2d at 896; *see Leonhard v. United States,* 633 F.2d 599, 608 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). We

express no view as to the merits of the award.

## CONCLUSION

The appeal and the cross-appeal are dismissed without prejudice to the parties' renewing their arguments, or making such other arguments as they deem appropriate, in appeals from a final judgment entered at the conclusion of the proceedings on remand. For any such appeals by plaintiff or Local 449, no filing fee shall be required. If the only issues to be raised are those raised here, the parties may, if they wish, rely on the present briefs.

No costs are awarded at this time.