2012 COA 58

**Pauline REYHER and Dr. Wallace Brucker, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellee.**

No. 09CA1890.

Colorado Court of Appeals, Div. V.

April 12, 2012.

The Carey Law Firm, Robert B. Carey, Leif Garrison, Craig Valentine, Colorado Springs, Colorado; Hagens Berman LLP, Steve W. Berman, Seattle, Washington; Todd A. Travis, P.C., Todd A. Travis, Englewood, Colorado; Law Office of John Gehlhausen, John Gehlhausen, Lamar, Colorado, for Plaintiffs–Appellants.

Faegre Baker Daniels LLP, Michael S. McCarthy, Todd P. Walker, Sarah Mastalir Kellner, Denver, Colorado; Mendenhall & Malouff, H. Barton Mendenhall, II, Rocky Ford, Colorado, for Defendant–Appellee.

Opinion by Judge BOORAS.

¶ 1 Plaintiffs, Pauline Reyher and Dr. Wallace Brucker, appeal the trial court's order awarding costs and attorney fees to defendant, State Farm Mutual Automobile Insurance Company (State Farm), following the trial court's dismissal of Reyher's claims and denial of plaintiffs' class certification motion. We reverse the order and remand with directions.

### I. Background

¶ 2 This is the third appeal arising from a dispute between the parties over the payment of medical bills under the Colorado Automobile Accident Reparations Act (No-Fault Act). The salient facts are set forth in two earlier opinions of this court and the recent decision of the Colorado Supreme Court. *See Reyher v. State Farm Mut. Auto. Ins. Co.,* 171 P.3d 1263 (Colo.App.2007) (*Reyher I*); *Reyher v. State Farm Mut. Auto. Ins. Co.,* 230 P.3d 1244 (Colo.App.2009) (*Reyher II*), *rev'd,* 266 P.3d 383 (Colo.2011) (*Reyher III*). We will repeat only those facts necessary to resolve the issues presented here, which are limited to the trial court's award of costs and fees to State Farm following the dismissal of Reyher's claims and the denial of plaintiffs' class certification motion.

¶ 3 Plaintiffs filed suit against State Farm alleging that it failed to pay the full, reasonable amount of medical expenses in violation of the No–Fault Act and its contracts.[1] Their complaint included allegations on behalf of a class of persons similarly situated. Plaintiffs subsequently moved for certification of two classes that included all insureds and all providers, respectively, who submitted a medical bill to State Farm and were reimbursed less than the full amount.

¶ 4 While the parties were briefing the certification issue, State Farm filed a motion to dismiss Reyher's individual claims because she lacked standing and a motion for sanctions against Dr. Brucker for spoliating evidence (based on his failure to preserve various documents when he sold his practice). The trial court granted both motions. The trial court thus dismissed Reyher's claims, granted all adverse inferences requested by State Farm in its spoliation motion, and determined that Dr. Brucker was liable for State Farm's attorney fees pursuant to C.R.C.P. 37(a)(4).

¶ 5 Several months later, the trial court denied the motion for class certification, concluding that no class certification requirement under C.R.C.P. 23 had been satisfied.

¶ 6 The court certified the class certification order and the dismissal order as final orders pursuant to C.R.C.P. 54(b). Plaintiffs appealed those orders. *See Reyher II*, 230 P.3d at 1249.

¶ 7 While the appeal in *Reyher II* was pending, State Farm filed two bills of costs, requesting an award of costs as the prevailing party with respect to the dismissal of Reyher's claims and the denial of class certification. As part of its request for costs, State Farm sought its attorney fees pursuant to section 13–17–201, C.R.S.2011, based on the dismissal of Reyher's claims under C.R.C.P. 12(b), and its attorney fees relating to the trial court's discovery sanctions order against Dr. Brucker. Plaintiffs filed objections to the bills of costs.

¶ 8 On July 24, 2009, the trial court entered the subject order awarding costs and fees to State Farm. The trial court determined that State Farm was the prevailing party with respect to the dismissal of Reyher's claims and the denial of class certification and thus awarded it costs under C.R.C.P. 54(d). The trial court rejected Dr. Brucker's argument that an award of costs based on the denial of class certification was inappropriate at this time because the case had not been finally resolved, and instead, agreed with State Farm's argument that it was the prevailing party and that an award of costs was "mandatory" under C.R.C.P. 54(d)(1).

¶ 9 As part of its award of costs to State Farm, the court included an award of attorney fees related to the dismissal of Reyher's tort claims pursuant to sections 13–17–201 and 13–16–122(1)(h), C.R.S.2011, and as sanctions against Dr. Brucker for spoliation of evidence during the discovery phase of the class certification pursuant to C.R.C.P. 37(a)(4)(A) and section 13–16–122(1)(h).

¶ 10 Plaintiffs filed the instant appeal of the cost and fee order on September 4, 2009. During the briefing of this appeal, *Reyher II* was announced, reversing the dismissal of Reyher's claims and the denial of class certification. *Reyher II*, 230 P.3d at 1250–58. The division did not address the spoliation order because of its reversal of the class certification denial. *Id.* at 1258–59.

¶ 11 State Farm then sought certiorari review of the *Reyher II* division's determination that common issues predominated over individual issues for purposes of class certification under C.R.C.P. 23(b)(3). *Reyher III*, 266 P.3d at 384. State Farm did not seek certiorari review of the *Reyher II* division's determination that Reyher had standing. During the briefing of this appeal, the supreme court reversed the *Reyher II* division's class certification determination, concluding that the trial court did not abuse its discretion when it denied class certification. *Id.* at 388–90.

---

1. Plaintiffs asserted claims for (1) declaratory relief; (2) breach of contract and violation of the No–Fault Act; (3) breach of the implied covenant of good faith and fair dealing; (4) statutory willful and wanton breach of contract; (5) statutory deceptive trade practice violation; and (6) civil conspiracy.

¶ 12 We note that, at the time of this appeal, there are no class action claims pending in the trial court; however, the individual claims of Reyher and Dr. Brucker remain pending and unresolved.

## II. Appellate Court Jurisdiction

¶ 13 As an initial matter, we address and reject State Farm's assertion that we lack jurisdiction over this appeal because the order awarding costs and fees is not a final, appealable order.

¶ 14 Under section 13–4–102(1), C.R.S.2011, this court has "jurisdiction over appeals from final judgments." Generally, to qualify as a final judgment, "an entire case must be resolved": "A final judgment 'ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding.'" *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 571 (Colo. App.2003) (quoting *D.H. v. People*, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977)).

¶ 15 C.R.C.P. 54(b), however, creates an exception to the general rule that an entire case must be resolved by a final judgment before an appeal is brought. C.R.C.P. 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

¶ 16 Absent certification under C.R.C.P. 54(b), "litigation involving multiple claims or multiple parties is treated as a single action which is not final and appealable until all of the issues in the litigation are adjudicated." *Kempter v. Hurd*, 713 P.2d 1274, 1278 (Colo.1986).

¶ 17 Here, the trial court certified the class certification order and the dismissal order as final judgments pursuant to C.R.C.P. 54(b).[2] Thereafter, the trial court entered an order fixing the fees and costs with respect to those judgments, including, as costs, an award of attorney fees incurred as a result of motions practice relating to Dr. Brucker's discovery violations during the discovery phase of the class action certification. Because the fees and costs were based solely on final judgments, we must decide whether the order fixing such fees and costs likewise became final. This is an issue of first impression in Colorado.

¶ 18 Plaintiffs contend that the cost and fee order was a final judgment for appeal purposes because the order was "ancillary to judgments certified as final." State Farm counters that final judgments with respect to Reyher's individual claims and class certification did not render the subsequent cost and fee order final, because, at the time the order was entered, Dr. Brucker's individual claims remained outstanding.

¶ 19 Because federal appellate jurisdiction also ordinarily depends on finality, and because Fed.R.Civ.P. 54(b) is substantially similar to C.R.C.P. 54(b), we turn to federal authority to assist us in resolving the issue now before us. *See Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n. 3 (Colo.1982) (because C.R.C.P. 54(b) is nearly identical to Fed.R.Civ.P. 54(b), case law interpreting the federal rule is persuasive in analysis of the Colorado rule); *State ex rel. Salazar v. Gen. Steel Domestic Sales, LLC*, 129 P.3d 1047, 1049 (Colo.App.2005) ("Because Fed.R.Civ.P. 54(b) is substantially similar to C.R.C.P. 54(b), authority interpreting the federal rule is persuasive.").

¶ 20 "Generally speaking, an order unconditionally fixing fees, docketed after the docketing of the final merits judgment, is a separate final judgment, at least where the merits judgment resolved all of the claims before the district court." *Johnson v. Orr*, 897 F.2d 128, 130 (3d Cir.1990) (citing *White v. New Hampshire Dep't of Emp't Sec.*, 455

---

2. There is no dispute that these are final judgments; indeed, *Reyher II* entertained appeals re-

lated to these judgments.

U.S. 445, 451–52 & n. 14, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)); *see also Obin v. Dist. No. 9 of Int'l Ass'n of Machinists*, 651 F.2d 574, 584 (8th Cir.1981) (a district court's order on the claim for attorney fees is separately appealable as a final judgment and may be consolidated with any pending appeal on the merits of the action). State Farm urges that the rule is otherwise, however, where some claims remain unresolved and there is no separate C.R.C.P. 54(b) certification of the cost and fee order.

■ ¶ 21 An analysis of the issue before us must begin with a recital of certain Colorado law relating to C.R.C.P. 54(b) final judgments. Generally speaking, a judgment entered pursuant to C.R.C.P. 54(b) has the same finality as any other judgment. *See, e.g., Musick v. Woznicki*, 136 P.3d 244, 250 (Colo.2006) ("When a trial court certifies a ruling as a final judgment under C.R.C.P. 54(b), it forecloses any further consideration of the issue, rendering 'the claim properly postured for appellate review.'" (quoting *Gall v. Dist. Court*, 965 P.2d 1268, 1271 (Colo.1998))).

■ ¶ 22 Thus, certification of a judgment under C.R.C.P. 54(b) triggers, subject to review, all the direct consequences of any final judgment. *See Johnson*, 897 F.2d at 131. State Farm insists, however, that the cost and fee order, unlike the dismissal and class certification judgments, was not a final judgment when entered because of Dr. Brucker's individual claims. Although such a result would follow in the absence of a certification of the dismissal and class certification judgments where claims remained undecided, State Farm's position clashes with the basic purpose behind the adoption of the C.R.C.P. 54(b) provision permitting a trial court to render a judgment final while other claims remain pending.

¶ 23 The factors that motivated the adoption of the certification provision in C.R.C.P. 54(b) are clear:

Rule 54(b) is designed to facilitate the entry of judgments upon one or more but fewer than all the claims or as to one or more but fewer than all the parties in an action involving more than one claim or party. It was adopted because of the potential scope and complexity of civil actions under the federal rules, given their extensive provisions for the liberal joinder of claims and parties. The basic purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.

10 Wright, Miller & Cooper, *Federal Practice & Procedure: Civil* § 2654, at 35 (3d ed. 1998); *see also Johnson*, 897 F.2d at 131.

¶ 24 Awards of attorney fees and costs are, of course, collateral to the main cause of action. *See Am. Numismatic Ass'n v. Cipoletti*, 254 P.3d 1169, 1175 (Colo.App.2011) (an award of attorney fees or costs is collateral to the merits of a dispute); *see also White*, 455 U.S. at 451, 102 S.Ct. 1162; *Johnson*, 897 F.2d at 131. However, when the judgment on the costs or fees is rendered after the entry of final judgment on the merits pursuant to C.R.C.P. 54(b), we see no policy reason why the trial court's decision to render the merits judgment final should not carry over to the fee or costs determination thereon solely because of the existence of another claim.

¶ 25 If State Farm were correct, the cost and fee order would lack finality and thus could not be appealed at this time by either side without a certification. Such a result could materially delay the finality of a frequently significant aspect of a favorable judgment on the merits—costs and attorney fees. *Johnson*, 897 F.2d at 131. Moreover, since a C.R.C.P. 54(b) certification indicates that the trial court believes the merits judgments should become final immediately, we can think of no policy consideration that would suggest that a separate cost and fee award on those judgments should not also be final. *See id.* "Assuredly, the very purpose served by a certification of finality suggests the importance of making final all of its collateral consequences." *Id.*

¶ 26 State Farm contends that the cost and fee award was not appealable because there was no express C.R.C.P. 54(b) determination as to the fees and costs claims. The conten-

tion implies that such an express determination of finality was necessary. Of course, the certification would only be necessary if the cost and fee order were not a final judgment in its own right. *See id.* Our determination to the contrary negates this argument: namely, that the cost and fee order was related solely to the class certification claims and Reyher's claims, which were both resolved by final orders pursuant to C.R.C.P. 54(b); the order was not based on any other claims pending in the trial court.

¶ 27 State Farm asserts that the decisions in *Sidag Aktiengesellschaft v. Smoked Foods Products Co.*, 813 F.2d 81 (5th Cir.1987) (*Smoked Foods* ), and *Baskin v. Hawley*, 810 F.2d 370 (2d Cir.1987), support its assertion that the cost and fee order is not a final, appealable order. These cases, however, are distinguishable.

¶ 28 In *Smoked Foods*, the court held that the district court's purported Rule 54(b) certification of its ruling that the plaintiff was *liable* for the defendants' attorney fees was ineffective "because the whole" of the defendants' claim against the plaintiff for attorney fees "had not been adjudicated since the *amount* of recoverable fees remained undetermined (and, indeed, what the [district court] purportedly certified in this regard was not the whole attorney[ ] fees claim, but only the liability portion thereof)." *Smoked Foods*, 813 F.2d at 84. Here, in contrast, the trial court computed a sum certain for costs and fees and, thus, the entire cost and fee claim had been adjudicated. No part of the costs and fees associated with the dismissal of Reyher's claims and the denial of class certification remained pending before the trial court when the cost and fee order was entered.

¶ 29 In *Baskin*, during the pendency of the merits appeal, the plaintiff was awarded fees based on the defendant's bad faith conduct during litigation. *Baskin*, 810 F.2d at 371. The plaintiff appealed, arguing that he was entitled to an award of fees for the entire cost of pursuing the litigation based on the bad faith conduct of the defendant. *Id.* The circuit court dismissed the appeal, noting that the district court phase of the litigation had not yet concluded, because the merits judgment had been vacated and the case remanded for a new trial on certain of the plaintiffs' claims. *Id.* at 372. The court concluded that, given the history of the litigation, there was little reason to believe that the outcome of the proceedings on remand would not result in further appeals, and, thus, there was no reason that the court's award of attorney fees could not be fully reviewed in those later appeals when "the full scope" of the plaintiff's request for fees would be known. *Id. Baskin* ruled that the remand of the merits decision rendered the attorney fees award an interim order. Here, in contrast, the final assessment of costs and fees was based on final judgments. Furthermore, the argument in this appeal is different from that in *Baskin;* namely, the parties here are not requesting costs and fees for the entire litigation. Rather, this appeal concerns only those costs and fees awarded on claims that had been finally decided at the time the cost and fee order was entered— Reyher's individual claims and the class action claims. This appeal does not concern costs and fees related to any pending and unresolved claims.

¶ 30 We conclude that the cost and fee order is itself a final, appealable judgment, and therefore, we decline to dismiss the appeal.

### III. Viability of Cost and Fee Award

¶ 31 Having determined that the cost and fee order is an appealable order, we now turn to the merits of plaintiffs' appeal.

### A. Costs and Fees Related to Dismissal of Reyher's Claims

¶ 32 Plaintiffs argue, State Farm concedes, and we agree that because the judgment dismissing Reyher's claims was reversed in *Reyher II*, the costs and fees related to that dismissal must also be reversed. *See Bainbridge, Inc. v. Douglas County Bd. of Comm'rs*, 55 P.3d 271, 273–74 (Colo.App. 2002) (where a judgment has been successfully appealed, an award of costs previously entered on that judgment is no longer valid because, upon remand, that judgment no longer exists).

### B. Costs and Fees Related to Class Certification

■ ¶ 33 We conclude that the trial court prematurely determined that State Farm was the prevailing party under C.R.C.P. 54(d) based on its successful defense of class certification but before termination of the underlying litigation.

¶ 34 C.R.C.P. 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs."

■ ¶ 35 The determination of an award of costs under C.R.C.P. 54(d), including the determination of which participants are "prevailing parties," rests in the sound discretion of the trial court. *Archer v. Farmer Bros. Co.,* 90 P.3d 228, 230 (Colo.2004); *Hall v. Frankel,* 190 P.3d 852, 867 (Colo.App.2008). A court abuses its discretion when it rules based on an erroneous application of the law. *Genova v. Longs Peak Emergency Physicians, P.C.,* 72 P.3d 454, 458 (Colo.App.2003).

¶ 36 As an initial matter, we note that the trial court stated that an award of costs to State Farm as the prevailing party on the class certification issue was "mandatory" under C.R.C.P. 54(d). As previously stated, however, the case law is clear that the determination of an award of costs under C.R.C.P. 54(d), including the determination of which participants are "prevailing parties," rests in the sound discretion of the trial court. *Archer,* 90 P.3d at 230; *Hall,* 190 P.3d at 867. Therefore, to the extent that the trial court awarded costs based on its misconception that it was required to do so and had no discretion in the matter, we conclude that it was error. Furthermore, as explained more fully below, even if the trial court understood that it had discretion and was not required to award costs under C.R.C.P. 54(d), we conclude that the trial court erred by prematurely determining that State Farm was the prevailing party entitled to costs and fees related to defending against the class action.

■ ¶ 37 "A 'prevailing party' is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation." *Archer,* 90 P.3d at 230. In determining whether to award costs, a trial court should "examine the *overall* context of the case, and should consider where in the case the parties spent the majority of their time and resources." *Anderson v. Pursell,* 244 P.3d 1188, 1194 (Colo.2010) (citations omitted) (emphasis added); *see also Archer,* 90 P.3d at 231 ("A trial court is given broad discretion to determine who is a prevailing party in multiple claim cases because of its unique opportunity to observe the course of the litigation."). A determination of whether a party is a prevailing party under C.R.C.P. 54(d) "must await resolution" of claims that remain pending and unresolved in the trial court. *Cf. In re Water Rights of Bd. of County Comm'rs,* 891 P.2d 981, 984 (Colo.1995) (because claims were pending in the water court, it was premature to make a prevailing party determination).

■ ¶ 38 It is undisputed that State Farm prevailed on plaintiffs' motion for class certification, which certainly conferred a victory upon it as to a significant issue. But whether a party has derived some of the benefits sought by the litigation requires an assessment in the context of the overall litigation. *See Anderson,* 244 P.3d at 1194; *Archer,* 90 P.3d at 231. When the trial court entered its cost and fee order, Dr. Brucker's individual claims remained, and they continue to remain, pending and unresolved in the trial court. Furthermore, as a result of the decision in *Reyher II,* Reyher's individual claims also remain pending and unresolved. Therefore, dismissal of the class claims has not resulted in dismissal of "the litigation." The litigation between the parties continues, and accordingly, it is entirely unclear who will prevail on the merits of plaintiffs' claims or derive some of the benefits sought by the litigation. *See, e.g., Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326, 332 (Colo.1994) (where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party). Because plaintiffs may yet obtain a judgment against State Farm on their individual claims, it was premature for the trial court to

determine that State Farm was the prevailing party.

¶ 39 Nevertheless, State Farm argues that its success on the class certification request is sufficient to support recovery of costs and fees under C.R.C.P. 54(d) independent of or prior to the final determination of the prevailing party on the underlying, remaining claims. State Farm cites no authority, and we have found none in Colorado, supporting its assertion that a defendant becomes a prevailing party for purposes of C.R.C.P. 54(d) upon the denial of class certification when, as here, the underlying substantive claims remain pending and unresolved in the trial court. Importantly, denial of class certification disposes only of the putative class members' ability to proceed as a class; it does not dispose of their underlying substantive claims.

■■■ ¶ 40 Contrary to State Farm's interpretation of C.R.C.P. 54(d), the focus of the prevailing party analysis is not on procedural victories during the course of the litigation, but on the final disposition of the substantive issues. *See In re Water Rights,* 891 P.2d at 984; *cf. Van Steenhouse v. Jacor Broad. of Colo., Inc.,* 958 P.2d 464, 468–69 (Colo.1998) (because the plaintiff voluntarily dismissed her wage claim, trial court never ruled on the merits of that claim, and neither party qualified as the winning party for purposes of attorney fees provision in wage recovery statute); *Brock v. Weidner,* 93 P.3d 576, 579 (Colo.App.2004) (the trial court's dismissal of the plaintiff's claims with prejudice, pursuant to a stipulation of the parties, operated as a final decision on the merits and entitled the defendants to attorney fees as prevailing parties).

■■■ ¶ 41 A class action is a *procedural* device utilized to efficiently handle a large number of similarly situated claimants. *See Jackson v. Unocal Corp.,* 262 P.3d 874, 880 (Colo.2011) ("C.R.C.P. 23 provides trial courts with a *procedural tool* for consolidating claims and managing them as a class action." (emphasis added)); *see also J.R. Clearwater, Inc. v. Ashland Chem. Co.,* 93 F.3d 176, 180 (5th Cir.1996) (the denial or decertification of a class is "a procedural ruling, collateral to the merits of a litigation"

(quoting *Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 336, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980))). Indeed, in considering whether to certify or maintain a class under C.R.C.P. 23(b)(3), "a court may not decide the substantive claims and defenses of the parties." *Farmers Ins. Exch. v. Benzing,* 206 P.3d 812, 820 (Colo.2009). Thus, a ruling on class certification is essentially a procedural one that does not ask whether the underlying claims are legally or factually meritorious. *See id.; see also Linder v. Thrifty Oil Co.,* 23 Cal.4th 429, 97 Cal.Rptr.2d 179, 2 P.3d 27, 34 (2000) ("[W]e view the question of [class] certification as essentially a procedural one that does not ask whether an action is legally or factually meritorious.").

¶ 42 Therefore, the fact that the procedural aspect of the class action was dismissed, and not the merits of the underlying claims as to either the named plaintiffs or the putative class members, independently does not trigger the award of costs and fees under C.R.C.P. 54(d). In other words, we disagree that State Farm should receive costs under C.R.C.P. 54(d) at this juncture for its purely procedural victory.

¶ 43 Other jurisdictions examining this issue have similarly held that the denial of class certification or the decertification of a class does not confer prevailing party status on the defendant independent of or before the final determination of the prevailing party on the underlying claims. *See, e.g., Adams v. Monumental Gen. Cas. Co.,* 258 F.R.D. 576, 578 (M.D.Ga.2009) (the insurers were not prevailing parties entitled to award of costs in purported class action brought by the insured asserting state law claims; although the insurers prevailed on the insured's motion for class certification and the court declined to exercise supplemental jurisdiction over insured's state law claims, claim for certification was not federal substantive law claim, underlying substantive law claim was state law breach of contract claim, and neither party prevailed on that claim since it was dismissed without prejudice); *Johnson v. Big Lots Stores, Inc.,* 639 F.Supp.2d 696, 708 (E.D.La.2009) (a decertification victory does not make a defendant a prevailing party when the defendant was not clearly the pre-

·vailing party at the merits trial); *Megatrend Telecomms., Inc. v. Rees Marine, Inc.*, 673 So.2d 1098, 1100 (La.Ct.App.1996) (the fact that the procedural aspect of the class action was dismissed, not the merits of the suit, does not trigger the prevailing party attorney fee provision of the contract); *cf. Batman v. Metro Petroleum, Inc.*, 174 P.3d 578, 585 (Okla.Civ.App.2007) (because the defendant obtained affirmative relief in its favor on the plaintiff's class certification request and ultimately prevailed on the plaintiff's substantive claim to recover on the contract, the defendant was entitled to recover for the fees that produced the affirmative relief on the class certification request as part of its recovery of fees for being the prevailing party on the underlying claim).

¶ 44 State Farm's purely procedural victory is what distinguishes this case from the case it cites in support of its argument that it is entitled to costs as the prevailing party at this juncture of the proceedings. In *White v. Sundstrand Corp.*, 256 F.3d 580, 585 (7th Cir.2001), the defendants prevailed on the merits of the class action claims for which they were awarded costs under Fed.R.Civ.P. 54(d)(1). The issue in *White* was whether the costs should be assessed against the 8 class representatives or split among all the approximately 160 class members who were not given notice and an opportunity to opt out of the case. *Id.* at 585–86. Unlike here, in *White*, the defendants' victory was not the denial of a class, but a judgment on the merits of the class action claims. The *White* defendants were awarded costs for that victory. Thus, that decision does not support the proposition that a procedural ruling denying class certification renders a defendant a prevailing party entitled to costs before final resolution of the underlying claims.

¶ 45 In sum, State Farm has cited no authority, and we have found none, to suggest that State Farm, at this juncture, should receive costs under C.R.C.P. 54(d) for its purely procedural victory. Rather, all the existing cases weigh against the recovery of costs at this time. Accordingly, we conclude

that the trial court erred in awarding State Farm its costs and fees as the prevailing party at this stage in the proceedings based on its purely procedural victory on the class certification.

¶ 46 In light of our disposition that the cost and fee order must be reversed because the trial court prematurely determined State Farm was the prevailing party pursuant to C.R.C.P. 54(d), we need not address whether plaintiffs' request for a hearing on the reasonableness of those costs and fees was sufficient.

¶ 47 The order is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

CARPARELLI and VOGT *, JJ., concur.