24CA0677 La Plata v Baker 04-17-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0677
La Plata County District Court No. 19CV30107
Honorable Suzanne F. Carlson, Judge

La Plata Open Space Conservancy, a Colorado nonprofit corporation,

Plaintiff-Appellee,

v.

Estate of Harry Baker, deceased, and Paulett Baker, as Personal
Representative,

Defendants-Appellants.

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LIPINSKY
Johnson and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

Karp Neu Hanlon, P.C., James F. Fosnaught, Shoshana Rosenthal, Glenwood
Springs, Colorado, for Plaintiff-Appellee

Womble Bond Dickinson (US) LLP, Kendra N. Beckwith, Denver, Colorado;
Golden & Landeryou, LLC, Kenneth S. Golden, Durango, Colorado, for
Defendants-Appellants

¶ 1    Harry and Paulett Baker appeal the trial court's March 27, 2024, order on attorney fees (the attorney fees order). We vacate the attorney fees order and remand the case to the district court. (Harry Baker died on November 28, 2024. On March 3, 2025, we granted the motion of Paulett Baker, in her capacity as personal representative of the Estate of Harry Baker, to substitute the Estate as a party to this appeal. We refer to the appellants collectively as "the Bakers." Ms. Baker's first name is spelled variously in the record as "Paulett" and "Paulette." We use the former spelling, which appears in the Bakers' filings.)

## I.    Background

¶ 2    La Plata Open Space Conservancy, a Colorado nonprofit corporation (the Conservancy), alleged in the underlying lawsuit that the Bakers breached the Conservancy's easement on the Bakers' property by constructing a barn and engaging in other activities.

¶ 3    Paragraph 6.6 of the easement provides, in relevant part, that

> [a]ll reasonable costs incurred by [the Conservancy] in enforcing the terms of this Easement against [the Bakers], including, without limitation, costs, and expenses of suit and reasonable attorney[] fees, and any costs

1

of restoration necessitated by [the Bakers']
violation of the terms of this Easement shall be
borne by [the Bakers] . . . .

¶ 4 Following a bench trial, the court found that the Bakers had engaged in actions that breached the easement but that the barn construction had not resulted in a breach. The court further found that the Conservancy was the prevailing party in the litigation and, therefore, was "entitled to recover all reasonable costs, including attorney[] fees, from the Bakers." The court directed the Conservancy to submit "a separate motion identifying those fees and costs."

¶ 5 The Conservancy filed such a motion, which the court granted in the attorney fees order. In the attorney fees order, the court noted that the Bakers did not oppose the Conservancy's lawyers' rates. Rather, the Bakers challenged the reasonableness of the hours of attorney time for which the Conservancy sought reimbursement and argued that certain "adjustments [were] appropriate." After considering the parties' arguments, the court awarded the Conservancy $131,836.07 in attorney fees (including those of its environmental consultant and attorney fees expert) and $50,294.87 in costs, for a total award of $182,130.94.

¶ 6     In the first appeal, the Bakers appealed the court's judgment, and the Conservancy cross-appealed the denial of its post-trial motion seeking additional relief (the merits appeal). *La Plata Open Space Conservancy v. Baker*, (Colo. App. No. 23CA1151, Jan. 23, 2025) (not published pursuant to C.A.R. 35(e)). In the merits appeal, all parties requested awards of their respective appellate attorney fees.

¶ 7     In this separate appeal, the Bakers initially sought reversal of the court's finding that the Conservancy was the prevailing party and, alternatively, the court's award to the Conservancy of prelitigation attorney fees and costs and attorney fees and costs relating to issues on which the Conservancy did not prevail.

¶ 8     A separate division of this court decided the merits appeal. *Id.* The merits division affirmed the court's judgment in part and reversed it in part. *Id.*, slip op. at ¶¶ 1, 51, 56. The division remanded the case to the district court for additional findings relating to the Bakers' claim for injunctive relief. *Id.* at ¶¶ 10, 41, 66.

¶ 9     Notably, at the conclusion of its opinion, the division said, "[I]t would be premature to award appellate attorney fees at this time,"

3

and directed the court "to consider the parties' requests for appellate fees following the remand proceedings." *Id.* at ¶ 79.

¶ 10     Following the announcement of the decision in the merits appeal, we requested supplemental briefing from the parties on "the impact, if any, of the opinion issued in [the merits appeal] on the arguments presented in this case."

¶ 11     In their supplemental brief, the Bakers asserted that the attorney fees order was "a nullity" in light of the decision in the merits appeal and that "the prevailing party analysis" in this appeal must "consider the outcome of the merits appeal and post-remand proceedings in the district court." The Bakers further said that "[o]nly after the district court makes the additional findings directed by the merits division can it determine which party prevailed considering all the circumstances of the case." They added, "[G]iven the outcome of the merits remand is undecided, a remand for a determination of the prevailing party is required."

¶ 12     For these reasons, the Bakers asked us to reverse the attorney fees order "based on the outcome of the merits appeal." At the same time, they invited us to interpret the fee-shifting provision in the easement to mean that "pre-litigation fees and costs, fees and

costs for issues on which a party did not prevail, and fees and costs incurred related to issues that were not part of the judicial enforcement action are all unavailable" under that provision.

¶ 13　The Conservancy asserted in its supplemental brief that the decision in the merits appeal did not require a delay in our decision in this case because the merits division affirmed two of the court's "central findings" that the Bakers violated the easement and "ultimately affirm[ed] the Bakers' liability." In addition, the Conservancy said that

> [a]ny additional findings on remand will not change the underlying determination, which was affirmed, that the Bakers violated the [e]asement on numerous issues. Contrary to the Bakers' argument in their Supplemental Brief, this is not an instance where the issues remanded and reversed leave[] the parties in the same position as they were before the judgment of the lower court was rendered.

## II.　Law

¶ 14　Generally, determining "whether a party has derived some of the benefits sought by the litigation requires an assessment in the context of the *overall litigation*." *Reyher v. State Farm Mut. Auto. Ins. Co.*, 2012 COA 58, ¶ 38, 280 P.3d 64, 71 (emphasis added). For this reason, "the focus of [a] prevailing party analysis is . . . on the

*final disposition of the substantive issues.*"  *Id.* at ¶ 40, 280 P.3d at 72 (emphasis added); *see Bainbridge, Inc. v. Douglas Cnty. Bd. of Comm'rs*, 55 P.3d 271, 273-74 (Colo. App. 2002) ("[W]hen an underlying judgment is reversed, an award that is dependent on that judgment for its validity is also necessarily reversed and becomes a nullity."); *see also Rose Confections, Inc. v. Ambrosia Chocolate Co.*, 816 F.2d 381, 396 (8th Cir. 1987) ("Since we have partially reversed the underlying judgment, we reverse the award of attorney[] fees and costs as well.  [The plaintiff] can move again for its fees and costs on remand . . . ."); *Roe v. Roe*, 535 P.3d 274, 293 (Nev. App. 2023) ("An award of attorney fees and costs is appropriately vacated when a portion of the underlying order is reversed.").

## III.    Analysis

¶ 15    We believe that, in light of the decision in the merits appeal and the case law, the prudent course of action would be for us to decline to address the issues raised in this appeal; vacate the attorney fees order; and remand the case to the court for adjudication of the Conservancy's attorney fees and costs request upon the "final disposition of the substantive issues."  *Reyher*, ¶ 40,

280 P.3d at 72. At this intermediate stage of the litigation, we would be engaging in speculation if we were to assume that, upon the entry of a final judgment on remand, the district court would necessarily award the identical amount of attorney fees and costs to the Conservancy as the court did in the attorney fees order, for the same reasons the court provided in the attorney fees order.

¶ 16    At the conclusion of the post-remand proceedings, the court will issue a new final judgment, one or more of the parties will presumably request an award of attorney fees and costs, and the court will decide any such request. Any party dissatisfied with the court's decision on the Conservancy's new motion may appeal that decision.

## IV.    Disposition

¶ 17    The attorney fees order is vacated, and this case is remanded to the district court for further proceedings consistent with this opinion.

JUDGE JOHNSON and JUDGE MOULTRIE concur.